THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-21 (CKK) |
| | : | |
| CHARLES F. MCGONIGAL, | : | |
| | : | |
| Defendant. | : | |

**UNOPPOSED MOTION TO VACATE CONTROL DATE
AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to vacate the February 24, 2023, status hearing and exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

During the Defendant's initial appearance before the magistrate judge following his arrest in this matter, a control date was set for February 24, 2023, and time was excluded under the Speedy Trial Act in the interests of justice. *See* January 25, 2023, Minute Order. Given that a status conference before the District Court is now set for March 6, 2023, the Government, with no objection from the Defendant, asks the Court to vacate the February 24, 2023, control date and exclude time under the Speedy Trial Act until March 6, 2023.

The voluminous discovery material and overall complexity of this case justifies this modest exclusion from the statutory period in which this case must be tried. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Section 3161(h)(7)(A) allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action

1

outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(7)(B) sets forth the factors the court shall consider when determining whether to exclude time pursuant. Where the court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. § 3161(h)(7)(B)(ii); *see also United States v. Speight*, 941 F. Supp. 2d 115, 118 (D.D.C. 2013) (case was complex because it alleged a "lengthy and far-reaching conspiracy involving a great deal of discoverable evidence, including wiretaps").

The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial. *See United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985). Here, additional time is necessary so the parties can seek a protective order to facilitate the production of voluminous discovery to the Defendant. Findings of complexity and resulting exclusions of time have been based on the presence of voluminous discovery. *See United States v. Beech Nut Nutrition Corp.*, 871 F.2d 1181, 1197-1198 (2d Cir. 1989) (finding that case in which the government made available to defendants approximately 30,000 documents was "complex within the meaning of the Speedy Trial Act"). "During the excluded time, Defendants can review the materials being produced by the Government," and both sides can engage in meaningful discussions. *Speight*, 941 F. Supp. 2d at 118. For the foregoing reasons, it is in the interest of justice to grant the United States' motion.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar # 481052

By:    */s/Elizabeth Aloi*
                    Elizabeth Aloi
                    Michael Friedman
                    Assistant United States Attorneys
                    D.C. Bar # 1015864 (Aloi)
                    N.Y. Bar # 4297461 (Friedman)
                    United States Attorney's Office
                    601 D Street, NW
                    Washington, DC  20530
                    (202) 252-7212 (Aloi)