UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

UNITED STATES OF AMERICA

v.

CHARLES F. MCGONIGAL,

Defendant.

CRIMINAL NO. 23-CR-21 (CKK)

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential as well as materials presumptively designated as sensitive by the government, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

### All Materials

1.      All materials provided to the defendant by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court, except that discovery materials produced by the government in this case may be used by the defendant in Case No. 1:23- cr-16 in the Southern District of New York and are otherwise subject to the terms of the Order.

2.      The defendant and defense counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court or the government may authorize disclosure

(collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court or consent of the government.

3.       The defendant, defense counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case or Case No. 1:21-cr-16 in the Southern District of New York by defendant, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. The defendant, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

4.       Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

5.       Defense counsel may retain a copy of the materials following the conclusion of this case. This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of materials disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the materials be returned or to further restrict the retention of the Materials, and nothing in this Order prevents defense counsel from seeking a court order or consent of the government allowing broader retention of the materials.

6.       The restrictions set forth in this Order do not apply to (1) documents independently in the possession of defendant McGonigal, even if copies were produced to Defendant McGonigal by the Government; and (2) documents that are or become part of the

2

public court record, including but not limited to documents that have been received in evidence at other trials. The restrictions in this Order do not limit defense counsel in the use of the materials in judicial proceedings in this case, except as described below and as set forth herein.

## Sensitive Materials

7.      The United States may produce materials containing personal identity information ("PII") as identified in Rule 49.1 of the Federal Rules of Criminal Procedure ("sensitive materials") to defense counsel, pursuant to the defendants' discovery requests. Sensitive materials shall be plainly marked as "sensitive" by the United States prior to disclosure.

8.      No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court or consent of the government, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).

9.      Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive materials to the defendant. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any PII

as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials. If the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure.

10.     The procedures for admission of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of admission at the hearing or trial. No party shall disclose designated confidential documents in open court without prior consideration by the Court or consent of the government.

## Scope of this Order

11.     **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12.     **No Waiver**. The failure by the United States to designate any materials as "sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as sensitive, but the effect of the order on any such materials will arise only upon the designation of such materials, and not retroactively.

13.     **No Ruling on Discoverability or Admissibility**. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 27th day of February, 2023.

Colleen Kollar-Kotelly

THE HONORABLE COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE