UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CHARLES F. MCGONIGAL, <br><br> Defendant. | Criminal Action No. 23-00021 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(February 12, 2024)

This matter is set for sentencing on February 16, 2024. On September 22, 2023, Defendant Charles McGonigal ("Defendant" or "Mr. McGonigal") entered a plea of guilty to one count of Concealment of Material Facts, in violation of 18 U.S.C. § 1001(a)(1). *See* Plea Agreement, ECF No. 31; *see* Government Sentencing Memorandum, ECF No., at 2 (indicating that "defendant failed to disclose the cash he received from Person A on annual public financial disclosure reports required pursuant to the Ethics in Government Act of 1978, forms known as Office of Government Ethics Form 278 ("OFE-278")). At issue in this case is the calculation of Defendant's total offense level pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").

The Government made several objections to the calculation of Defendant's offense level proffered by the Probation Office in its [35] draft Presentence Investigation Report, *see* Government Obligation and Response to Presentence Report, ECF No. 36, and Memorandum in support thereof, ECF No. 36-1. Those objections by the Government were reconciled in the Probation Office's [37] final Presentence Investigation Report ("PSR"). *See* ¶¶ 56, 57, 64 (amended) and 63a (added). Defendant's base offense level, which was previously calculated as 6, is calculated now as 14, and his total offense level is now 16, as opposed to 6. Defendant

1

contests the revised calculation and asserts that the original calculation was correct. *See* Def.'s Sent. Mem., ECF No. 40, at 5-8. To determine an appropriate sentence, the Court must first accurately calculate defendant's advisory Sentencing Guidelines range. *Gall v. United States*, 522 U.S. 38, 49-50 (2007). Accordingly, the Court begins by considering the parties' positions on calculation of the offense level.

### Defendant's Offense Level Calculation

The parties agree that Guidelines Section 2B1.1 applies to offenses involving violations of 18 U.S.C. § 1001 [the crime of conviction], and under that section, Mr. McGonigal's base offense level is 6. The parties then diverge in their calculations. Defendant calculates his offense level as a base of 6 plus a two-level enhancement for use of a "special skill" pursuant to Guidelines Section 3B1.3 and a two-level reduction for timely acceptance of responsibility, resulting in a total offense level of 6 and an advisory Guideline range of 1-7 months.

### The Government's Offense Level Calculation

The Government asserts however that the exception to § 2B1.1 applies. More specifically, § 2B1.1 provides for a base offense level of 6 unless:

> (B) the defendant was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally (<u>e.g.</u> 18 U.S.C. § 1001, § 1341, § 1342, or § 1343); and (C) the conduct set forth in the court of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline

U.S.S.G. § 2B1.1(c)(3). The Court notes that since it is undisputed that Defendant was convicted under 18 U.S.C. § 1001 – a statute proscribing false statements or representations – only the aforementioned subpart (C) is in dispute.

Defendant summarizes concisely the Government's calculation based on application of that exception, as follows:

> The government asserts [ ] that "the cross reference in Section 2B1.1(c)(3) applies because Mr. McGonigal was convicted under a statute proscribing false, fictitious, or fraudulent statements or representations generally and the conduct set forth in the court of conviction establishes an offense specifically covered by another guideline. According to the government, because the statement of offense also arguably establishes a violation of 18 U.S.C. § 1519, which is covered by Section 2J1.2(a), Mr. McGonigal's base offense level would be 14. Moreover, because Mr. McGonigal's offense resulted in "substantial interference" with the administration of justice, the government asserts that a three-level increase should be applied pursuant to Section 2J1.2(b)(2). Combined with the two-level enhancement for use of a "special skill" pursuant to Section 3B1.3, and a three-level reduction for timely acceptance of responsibility pursuant to Section 3E1.1, the government argues that Mr. McGonigal's adjusted offense level is thus 16, and his advisory Guidelines range is 24-30 months.

Def.'s Sent. Mem., ECF No. 40, at 6.

<u>Calculation of Base Offense Level</u>

In support of utilizing a base offense level of 14, the Government indicates that "the conduct for which the defendant was convicted [false statements under 18 U.S.C. § 1001] establishes a violation of 18 U.S.C. § 1519" which is "an offense specifically covered by another guideline in Chapter Two." Govt. Sent. Mem., ECF No. 39, at 8. Section 1519 imposes criminal liability on anyone who "knowingly . . . conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impeded, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States." 18 U.S.C. § 1519. This statute applies to false statements on "OGE-287" forms. *See, e.g., United States v. Saffarinia*, 424 F. Supp. 3d 46, 80 (where the court concluded that "the statutory text is broad enough to cover Mr. Saffarinia's alleged obstructive conduct [failure to disclose a loan]," and further, "[that] imposing a requirement that the matter develop into a formal investigation ignores the plain meaning of the statute" where "the plain language of § 1519 supports a broad interpretation of the words 'investigation' and 'matter'") (internal quotations and citation omitted).

3

In the instant case, Mr. McGonigal violated §1519 each of the two times he submitted his OGE-278 forms without disclosing the loan received from Person A.  *See* PSR, ECF No. 37 at ¶¶ 17, 47, 49 (discussing submission of OGE-278 forms); Statement of Offense, ECF No. 32, at ¶¶ 3, 16, 17, 33, and 35; Indictment, ECF No. 1 (Counts 8 and 9).  The conduct for which Defendant was convicted establishes a violation of 18 U.S.C. § 1519 (Destruction, alteration, or falsification of records in Federal investigations and bankruptcy), which is an offense "covered by another guideline in Chapter Two," *i.e.*, U.S.S.G. § 2J1.2.  Govt. Sent. Mem., ECF No. 39, at 8-9.  Accordingly, because the requirements in the cross-reference in Section 2B1.1(c)(3) have been met, Defendant's base offense level should be calculated as 14.

Defendant concedes that, in *United States v. Hawkins*, 185 F. Supp. 3d 114, 118 (D.D.C. 2016) (Kollar-Kotelly, J.), this Court "held that it may consider conduct in the statement of offense," in applying the obstruction of justice guideline to a Section 1001 conviction.  Furthermore, Defendant acknowledges that, in *Saffarinia*, the court there held "that at the motion to dismiss phase[,] Section 1519 is broad enough to cover false statements on OGE-278 forms[.]" Def.'s Sent. Mem., ECF No. 40, at 7.  Defendant relies however on *United States v. Clinesmith*, No. 1:20-cr-165 (D.D.C. 2020), alleging that "the government did not seek and the sentencing court did not independently apply the cross-reference to the obstruction Guideline" in that case.  Def.'s Sent. Mem., ECF No. 20, at 6.  That case involved the sentencing of an attorney working for the FBI "who caused false information to be submitted to the U.S. Foreign Intelligence Surveillance Court ("FISC") in an application for a Foreign Intelligence Surveillance Act ("FISA") warrant sought in connection with an active FBI investigation." *Id.* at 6-7.[1]  Defendant indicates

---

[1] The defendant in *Clinesmith* altered an e-mail, which "misled the FISC regarding salient and necessary facts [about the status of an individual's prior relationship with the CIA]." Sentencing Transcript, ECF No. 48, at 19:25-19:2. The court in *Clinesmith* opined that the

that the *Clinesmith* court's "more recent analysis" of this issue should apply, insofar as the court there "declined to apply" the cross reference, *id.* at 7, but this Court has reviewed the sentencing transcript from that case and found no analysis/discussion regarding this issue. Accordingly, Defendant's reliance on *Clinesmith* is non-persuasive, and the Government having demonstrated that the requirements in the cross-reference in Section 2B1.1(c)(3) have been met, this Court finds that a base offense level of 14 is the correct calculation.

Three-Level Increase

The Government contends further that "a three-level increase is appropriate under § 2J1.2(b)(2) because the defendant's offense involved substantial interference with the administration of justice, which is defined as a 'premature or improper termination of a felony investigation; an indictment, verdict or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources.'" Govt. Sent. Mem., ECF No. 39, at 9-10 (quoting § 2J1.2(b)(2) commentary). In support thereof, the Government explains that Defendant acknowledged that he "concealed from the FBI the true nature of his relationship with person A" and admitted to "speaking with a foreign official about a matter in which Person A had a financial interest, and opening a criminal investigation based on information provided to him by Person A, all without disclosing . . . that he had received hundreds of thousands of dollars from Person A." Govt. Sent. Mem., ECF No. 39, at 10 (citing a case involving the improper termination of an investigation).

Defendant disputes however that the three-level enhancement for "substantial interference"

---

defendant "obtained no real personal benefit from his actions and he had no active intent to harm," and further, by altering the e-mail, "he was saving himself some work and taking an inappropriate shortcut," but the court did not believe that defendant was "attempting to achieve an end he knew was wrong." *Id.* at 51:8-18.

applies in this case, where an investigation was opened, as opposed to cases involving the "premature or improper termination of a felony investigation." Def's Sent. Mem., ECF No. 40, at 7. Defendant ignores however the Government's contention that a three-level increase is warranted also because Mr. McGonigal's actions in the course of his offense resulted in "an unnecessary expenditure of substantial governmental resources." Govt. Sent. Mem., ECF No. 39, at 10. The Government explains that there was an internal FBI review "of numerous other investigations to [make sure] that none were compromised during the defendant's tenure as an FBI special agent and supervisory special agent." *Id.; see, e.g., United States v. Jackson*, 67 F.3d 1359, 1369-1370 (8th Cir. 1995) (referencing the application notes to § 2J1.2(b)(2) and specifically, the "unnecessary expenditure of substantial governmental or court resources"). An increase is warranted where, as in this case, there is a direct causal link between the defendant's crimes and the government's need for an investigation. *Id.* (requiring a "causal link" between the crimes and the need for an investigation). "[T]he Government need only show a general causal tie between the defendant's actions and the otherwise unnecessary expenditure." *United States v. Wright*, No. CR 21-341 (CKK), 2023 WL 2387816, at *12 (D.D.C. Mar. 4, 2023). Accordingly, because the Defendant's actions in connection with his offense necessitated a government investigation that resulted in unnecessary expenditure of substantial governmental resources, a three-level increase is warranted in this case, resulting in an offense level of 17.

    Remainder of Offense Level Calculation

The parties have agreed to an additional two-level increase because of Defendant's abuse of a position of public trust. PSR, ECF No.37, at ¶59. This results in an offense level of 19, which is reduced by three-levels for acceptance of responsibility, *id.* at ¶¶63, 63a, therefore totaling 16. Accordingly, it is this 12th day of February 2024,

ORDERED that the Court upholds the calculation of Defendant's total offense level of 16, as calculated in the Final Presentence Report, and the Court overrules the Defendant's objections to this calculation, as set forth in the Defendant's Sentencing Memorandum.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE